```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                        :
United States of America for
the use and benefit of ARIOSA &         :
COMPANY, LLC
                                        :
     v.                                 :  Civil Action No. DKC 13-3560
                                        :
ALL STATE CONSTRUCTION, INC.,
et al.                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case arising under the Miller Act is a motion to dismiss filed by Defendant SEI Group, Inc. ("SEI"). (ECF No. 7). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

**I.   Background**

   **A.   Factual Background**

The following facts are set forth in the complaint. (ECF No. 1). On or about October 22, 2012, SEI entered into a contract with the United States government for the construction of a "Helium Recovery Plant" in Gaithersburg, Maryland ("the project"). (*Id*. at ¶ 14). As required under the Miller Act, SEI furnished performance and payment bonds to the government naming Defendant The Guarantee Company of North America USA

("Guarantee") as the surety on the project.[1] The payment bond provided that SEI and Guarantee were "jointly and severally" liable for the penal sum of the bond. (ECF No. 1-8, at 3).

SEI subcontracted with Defendant All State Construction, Inc. ("All State"), which, in turn, entered into a sub-subcontract with Plaintiff Ariosa & Company, LLC, "for the performance of work and the furnishing of labor and materials for completion of the installation of [a] mechanical component structure" of the project. (ECF No. 1 ¶ 9).[2] According to the complaint, Plaintiff fulfilled its obligations under the sub-subcontract, "provid[ing] all labor and materials, including extras and change orders, . . . in a safe, careful and workmanlike manner . . . at substantial expense." (*Id*. at ¶ 10). At some point, however, "[t]he project was stopped as a

---

[1] The complaint names the surety as "The Guaranty Company of North America USA," but the attached bonds indicate the proper name is "The Guarantee Company of North America USA." (ECF No. 1-8, at 2). Performance bonds required under the Miller Act "protect the government if the contractor fail[s] to complete a contract," while payment bonds "protect 'all persons supplying labor and material in carrying out the work provided for in the contract.'" *In re ESA Environmental Specialists, Inc.*, 709 F.3d 388, 391 n. 1 (4th Cir. 2013) (quoting 40 U.S.C. § 3131(b)).

[2] Civil actions brought under the Miller Act must be brought "in the name of the United States for the use of the person bringing the action." 40 U.S.C. § 3133(b)(3)(A). The actual plaintiff in this case is, therefore, the United States of America for the use and benefit of Ariosa & Company, LLC. For ease of exposition, the court refers to Ariosa as Plaintiff throughout.

result of [SEI's] attempts to supply equipment not compliant with the specifications required by the United States government, namely a helium liquefier and associated equipment manufactured within the United States." (*Id*. at ¶ 17). As a result, Plaintiff "incurred substantial costs and expenses," which included "heating, cooling, and related equipment and materials" it had purchased in accordance with the sub-subcontract. (*Id*. at ¶ 19). Plaintiff asserts that it has "not been paid the monies due and owing for its performance" and that there is "a contractual balance due of $72,326.00, plus additional demobilization costs, lost profits, other damages and expenses totaling $65,280.00, for a total amount of loss of $137,515.00." (*Id*. at ¶ 20).

   B.   **Procedural Background**

Plaintiff commenced this action on November 25, 2013, bringing separate counts against All State, SEI, Guarantee, and CNA Surety, d/b/a Western Surety Company – the surety on bonds furnished by All State – asserting jurisdiction under the Miller Act, 40 U.S.C. §§ 3131 *et seq*., and seeking a judgment against all defendants in the amount of "$137,515.00 plus interest, attorneys' fees and costs[.]" (ECF No. 1 ¶ 12). On February 28, 2014, SEI filed the pending motion to dismiss the second count of the complaint, the sole count against it, pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 7). Plaintiff filed a response

in opposition on March 21 (ECF No. 15) and SEI filed a reply on April 7 (ECF No. 16).

**II.  Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007).  That showing must consist of more than a "formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)).  The court need not, however, accept unsupported legal allegations.  *Revene v. Charles Cnty. Comm'rs,*

882 F.2d 870, 873 (4th Cir. 1989).  Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'"  *Iqbal,* 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**III. Analysis**

The Miller Act requires a general contractor on a federal construction project of more than $100,000 to furnish, *inter alia*, a payment bond "for the protection of all persons supplying labor and materials in carrying out the work provided for in the contract."  40 U.S.C. § 3131(b)(2).  "The Act further provides that any person who furnishes labor or materials for such a bonded project and has not been paid may sue on the bond for the amount due," but recovery is limited "to first- and second-tier subcontractors."  *Datastaff Technology Group, Inc.*

*v. Centex Const. Co., Inc.*, 528 F.Supp.2d 587, 592-93 (E.D.Va. 2007) (citing 40 U.S.C. § 3133).  Pursuant to § 3133(b)(2), a second-tier subcontractor is required to provide written notice to the general contractor within ninety days of the date it last performed the labor or supplied the materials that form the basis of its Miller Act claim.

To state a claim under the Miller Act, the plaintiff must set forth facts showing that "(1) it has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished[;] . . . and (2) it has not been paid in full within 90 days."  *U.S. ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr.,* 433 F.Supp.2d 104, 114 (D.D.C. 2006) (internal citation and marks omitted).  The statute is "highly remedial in nature" and is liberally construed to "effectuate the Congressional intent to protect those whose labor and materials go into public projects." *Clifford F. MacEvoy, Co. v. U.S. for Use & Benefit of Calvin Tomkins Co.*, 322 U.S. 102, 107 (1944).

SEI argues that dismissal is warranted because it "does not have any contractual obligations to Plaintiff by virtue of the contract by and between All State and Plaintiff."  (ECF No. 7-1, at 4).  In other words, SEI suggests that it could only be liable under the Miller Act if it were in direct contractual privity with Plaintiff.  This argument is belied by the

statutory language, which expressly authorizes "[a] person [*i.e.*, Plaintiff] having a direct contractual relationship with a subcontractor [*i.e.*, All State] but no contractual relationship, express or implied, with the contractor furnishing the payment bond [*i.e.*, SEI] [to] bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made."  40 U.S.C. § 3133(b)(2). There appears to be no dispute that Plaintiff is a second-tier subcontractor; thus, assuming it provided the requisite notice and filed its claim in a timely manner, it has a right to recover labor and material costs expended under the sub-subcontract.

Insofar as the statute permits an action to be brought "on the payment bond," courts generally agree that a surety may be sued directly and that a general contractor, such as SEI, is not an indispensable party.  *See United States ex rel. Henderson v. Nucon Contr. Corp.*, 49 F.3d 1421, 1423 (9th Cir. 1995) (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967)).  The specific basis of liability as to a general contractor is somewhat less clear.  Some courts have simply relied on the fact that "nothing [in the Miller Act] prevents a sub-subcontractor from also suing the prime

contractor or the subcontractor," *U.S. ex rel. Polied Envtl. Servs., Inc. v. Incor Grp., Inc.*, 238 F.Supp.2d 456, 460 (D.Conn. 2002); *see also U.S. ex rel. Thyssenkrupp Safway, Inc. v. Tessa Structures, LLC*, No. 1:10cv512 (JCC/JFA), 2011 WL 1627311, at *3 (E.D.Va. Apr. 27, 2011), while others have cited language in the payment bond establishing that the principal and surety are jointly and severally liable, *see United States ex rel. Apex Roofing and Insulation, Inc. v. Union Indemnity Ins. Co.*, 865 F.2d 1226, 1227 (11th Cir. 1989). As noted, the payment bond in this case provides that Guarantee and SEI are jointly and severally liable for payment of the penal sum. (ECF No. 1-8, at 3). Thus, the record supports that SEI was properly named as a defendant.

On the other hand, to the extent that Plaintiff sought to bring a common law tort or third party beneficiary claim, as suggested in its opposition papers, the complaint does not support liability. To state a claim for negligence, the plaintiff must allege that the defendant owed a duty of care, *see Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002) ("a negligence claim must disclose that each of the elements is present in order to be sufficient"), and no such duty is asserted in Plaintiff's complaint. Plaintiff also suggests that SEI's conduct amounted to fraud, but a fraud claim is subject to the heightened pleading standard of Fed.R.Civ.P. 9(b) and the

plaintiff must assert that the defendant knowingly made a false representation of, or concealed, a material fact for the purpose of defrauding it.  *See SpinCycle, Inc. v. Kalender*, 186 F.Supp.2d 585, 590 (D.Md. 2002) (quoting *Alleco, Inc. v. Harry & Jeanette Weinberg Foundation, Inc.*, 340 Md. 176, 195 (1995)). Plaintiff's complaint does not identify any alleged misrepresentation or omission by SEI, let alone set forth facts supporting a fraudulent intent.  Finally, Plaintiff cannot show that it was an intended third party beneficiary of the SEI/All State subcontract.  "To prevail on a third party beneficiary theory, the [third party] 'must allege and prove that the intent of the [parties to the contract] to benefit the [third party] was a direct purpose of the transaction or relationship." *Fields v. Walpole*, Civ. No. DKC 11-100, 2011 WL 2669401, at *4 (D.Md. July 6, 2011) (quoting *Flaherty v. Weinberg*, 303 Md. 116, 130 (1985)).  Plaintiff does not allege that the SEI entered into the All State subcontract for its benefit, nor could it do so under these facts.  Thus, the complaint does not support liability under a tort or third party beneficiary theory. Because Plaintiff does state a valid claim under the Miller Act, however, SEI's motion will be denied.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by SEI Group, Inc. (ECF No. 7), will be denied. A separate order will follow.

```
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
```